## In Re: Thompson Estate

*James L. Jubilerer,* for defendant estate.
*Joseph J. Lee,* for plaintiff.

REILLY, Jr., *P.J.*, December 14, 1982—It appears that Thomas M. Curry is the son of John A. Thompson, deceased, and Thelma Irene Thompson. His parents were divorced and upon the remarriage of Thelma Thompson, was adopted by her second husband. John Thompson, Thomas' father, remarried Betty Thompson, whose estate is here at issue. Curry alleges that in May of 1958 his father, John Thompson, and his father's second wife, Betty, entered into reciprocal wills pursuant to an agreement between them. Curry alleges that each of them contracted to leave his estate to the surviving spouse and should the spouse not survive the deceased then to Curry. Curry further alleges that this contract was supported by consideration and became binding upon the death of his father, John Thompson, on October 1, 1968.

Betty Thompson executed a second will on May 19, 1981, that is substantially different from her will of May 1958, and Curry therefore alleges a breach of a legally enforceable contract. The above decedent's 1981 will was probated and Curry has appealed to this court challenging the admission of said 1981 will to probate.

Curry has also commenced an action in Assumpsit at No. 1820 of 1982 C.D. The above-captioned estate has filed preliminary objections which are the subject of this matter in which the estate claims that Curry's proper method of attacking the probated will is through his action in Assumpsit rather than appeal from the decision of the register of wills to probate the will. This court agrees and does herein sustain the estate's objections and dismisses Curry's appeal.

Curry has filed his appeal under §908 of the Probate, Estates and Fiduciaries Code (20 Pa. C.S.A.

§908). Generally the grounds for such an appeal are:

1. Lack of testamentary capacity;
2. Undue influence;
3. Fraud;
4. Forgery;
5. Mistake;
6. Questions relating to testators intent to revoke the purported will.

The issue raised by Curry does not involve any of these questions in that he is alleging a contract between his father and the decedent and a breach thereof. Since Curry is not a party to the alleged contract, he must prove that he was intended to be a third party beneficiary thereof.

In Hunter's Orphans Court Practice and Procedure, "Contracts To Make A Will," §10 Effect Upon Probate, Page 515, the author states:

"A will in violation of a contract to make a will should be probated. The contract is a question of distribution of the proceeds of the estate: Shaaber v. Johnston, 10 SAD 566; Norris' Estate, 329 Pa. 483; Swenk Estate, 176 Pa. Super. 513, 53 Lanc. 143, 81 D.&C. 504, 2 Fiduciary Reporter 465, See Fiduciary Review, September, 1952, January, 1955; Wrights' Estate, 9 C.C. 235; Winters' Estate, 34 Dela. 12 57 D.&C. 433; Morne's Estate, 8 Lawr. 113, see 79 D.&C. 356; Snyder Estate, 86 D.&C. 449; Burns' Estate, 34 Westm. 245; Creider Estate, 85 D.&C. 443; Stevens' Estate, 13 Fiduciary Reporter 39, 63 Lack. 199; Masisak Estate, 15 Fiduciary Reporter 233; 60 Schuyl. 190; Baron Estate, 35 D.&C. 2d 571."

Similarly, Volume 40 of the Pennsylvania Law Encyclopedia "Wills," §48, Page 91 states: "The probate of a will may not be refused upon the ground that its provisions are in conflict with an al-

leged agreement to make a different disposition of the property; the question is one of distribution," In re: Vanston's Estate, 1962, 26 D.&C. 2d 555, 12 Fiduciary Reporter 246, 63 Lack. Jur. 37 P.L.E. also cites many of the same cases cited, supra., in the quotation from Hunter's Orphan Court. See also Liggans' Estate, 393 Pa. 500, 143 A2d 349 (1958) and Estate of Kester, Pa. 383 A.2d 914 (1978), wherein the court stated the proper procedure to be the admission of the second will into probate with the right in the objecting party to protest the proposed distribution to the second will.

Therefore, this court is of the opinion that the remedy of Thomas M. Curry is properly through his action in Assumpsit and therefore dismissed his appeal from the probate of the deceased's second will.